## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION AT LEXINGTON

**DAN CARMAN, *et al.*,**

        **Plaintiffs,**

**v.**

**SCOTT BESENT,[1] *et al.*,**

        **Defendants.**

**5:22-cv-00149-KKC-EBA**

**OPINION & ORDER**

\*\*\* \*\*\* \*\*\*

This matter comes before the Court on Defendants' Objection to the Magistrate Judge's December 17, 2025 Order (R. 68). For the following reasons, the Defendants' Objection (R. 68) is overruled.

## I.  FACTUAL BACKGROUND.

The relevant facts have been detailed in prior orders. (*See* R. 67.) Only those pertinent to this Order are summarized here.

Plaintiffs regularly engage in cryptocurrency-related transactions. (R. 67 at 2.) Under 26 U.S.C. § 6050I, individuals engaged in a trade or business who receive $10,000 or more in "cash" must file a report (a "§ 6050I report") with the Treasury Department. (*Id.*) The Infrastructure Investment and Jobs Act of 2021 amended § 6050I to expand the definition of "cash" to include "any digital asset."

The § 6050I report records certain information about the transaction such as the individuals' name, address, taxpayer identification number, the amount of cash received, the

---

[1] The named Defendant in this matter has previously been Janet Yellen. Scott Bessent has replaced Janet Yellen as Secretary of the Treasury. Pursuant to Fed. R. Civ. P. 25(d), Scott Bessent is hereby substituted as the named defendant in this action.

date and nature of the transaction, and other information as the Secretary of the Treasury may prescribe. 26 U.S.C. § 6050I(b).

Plaintiffs filed this action in June 2022, asserting multiple constitutional challenges to § 6050I. (R. 67 at 2.) In July 2024, this Court dismissed all claims for lack of ripeness and standing. (R. 34.) Plaintiffs appealed. (R. 36.)

On appeal, the Sixth Circuit affirmed in part and reversed in part. *Carman v. Yellen,* 112 F.4th 386 (6th Cir. 2024). The Sixth Circuit devoted significant discussion to Plaintiffs' First and Fourth Amendment claims, which are now the subject of Defendants' Objection. *See id.* at 405–07. The Sixth Circuit concluded that Plaintiffs' claims could be construed in two ways: one that was unripe and another that was ripe for review. *Id.* Because this three-page discussion forms the core of the parties' present dispute, it warrants careful consideration.

As to the Plaintiffs' Fourth Amendment claim, the Sixth Circuit explained the difference between the ripe and unripe claim:

> On one read of plaintiffs' complaint and plaintiffs' arguments, their Fourth Amendment claim would seem not fit for our review. Plaintiffs suggest that the government will undertake substantial investigative efforts to connect the transactions they must report to the public ledger, then to discern what the plaintiffs' addresses are, and then to discover a litany of undisclosed transactions that may offer insight into the intimate details of plaintiffs' lives. By undertaking this series of actions, the government allegedly will invade the plaintiffs' Fourth Amendment rights.

*Id.* at 405–406. The Court of Appeals ruled that Plaintiffs' claims that were based on "a causal chain that may never come to pass" were not ripe. *Id.* at 406. However, the Sixth Circuit found that another reading of the Plaintiffs' claim was ripe:

> But plaintiffs have also put forth a Fourth Amendment claim premised on the text of § 6050I that implicates all reporting mandated by this provision. Plaintiffs appear to reframe the issue on appeal to suggest that their claim concerns the initial reporting of information to the government, *not* what the government might do with that information down the line. *See, e.g.,* Appellants'

> Br. at 42. Under this theory, plaintiffs argue that even the mere disclosure of
> a specific transaction to the government implicates the Fourth Amendment bar
> on unreasonable searches regardless of any further steps taken by the
> government. That is, under this theory the initial information transmitted to
> the government is entitled to Fourth Amendment protection; we do not need to
> look at the mischief that law enforcement could undertake, such as trying to
> discern what plaintiffs' addresses are.

*Id*. This version of plaintiffs' claim was deemed to be ripe. *Id*.

In a very similar fashion, the Sixth Circuit also found one reading of Plaintiffs' First

Amendment claim to be unripe, while another reading was deemed to be ripe:

> The same is true of the First Amendment claim. One ostensible version of this
> claim is based on a causal chain that may never come to pass: principally, as
> with the Fourth Amendment claim, that the government will undertake efforts
> to discover substantial information about plaintiffs' expressive activities and
> associations that is not otherwise self-evident from the initial reports. By way
> of an example, plaintiffs allege that the reporting mandate "will chill
> expressive activity because it will allow the government to ascertain the
> unrelated expressive associations of parties to all covered transactions . . .
> [through the use of] public-ledger analysis" and "will all but guarantee that
> hackers will be able to access and publicize the information contained in §6050I
> reports." R. 27 (Am. Compl. ¶¶ 230-31 (Page ID #316-17). As above, these
> claims of First Amendment harm apply only in certain limited circumstances
> that rest on too many contingencies and thus pose reviewability issues.
>
> As with the Fourth Amendment claim, however, a narrower version of the
> claim appears ripe now: that the "reporting mandate will directly mandate the
> reporting of expressive associations." *Id*. ¶ 232 (Page ID #317). In essence,
> under this theory, plaintiffs allege that the mere disclosure of transactions to
> the government impedes their First Amendment associational rights,
> regardless of the government's decision (or not) to undertake further
> investigation. Because there is no question that at least some of the plaintiffs
> will need to make § 6050I reports, it is appropriate for a court to consider
> whether the mere disclosure of covered transactions implicates the First
> Amendment and passes the requisite level of constitutional scrutiny if so.

*Id*. at 406.

In concluding its analysis, the Sixth Circuit emphasized that:

> Again, at this stage, we take no position on whether § 6050I reports in fact
> implicate the First Amendment or address concerns about means-ends
> tailoring if it does. Instead, we accept at this stage plaintiffs' theory of
> substantive unconstitutionality: that mere disclosure of the information

required by § 6050I reports without more implicates plaintiffs' associational rights. *Gerber*, 14 F.4th at 507.

In line with the above, the district court erred by finding that plaintiffs' enumerated-powers[2], Fourth Amendment, and First Amendment claims are not ripe. Although plaintiffs may not proceed on the theories that the government *may* abuse the information it obtains via disclosures, which are akin to as-applied challenges based on speculative scenarios, plaintiffs also put forth theories that require no further factual development and that appear to raise only legal issues stemming from the face of the statute.

*Id.* at 406–407. In summary, the Sixth Circuit affirmed the dismissal of Plaintiffs' as-applied First and Fourth Amendment claims, while holding that their facial challenges were ripe.

After the Sixth Circuit remanded the case, the Defendants filed an Answer (R. 43) to Plaintiffs' Amended Complaint (R. 27), and the parties commenced discovery. When the parties were unable to resolve disputes over certain disclosures, Plaintiffs filed a Motion to Compel. (R. 62.) The contested discovery encompasses nine interrogatories, three requests for production, and seventeen requests for admissions. (R. 67 at 10.) Broadly, Plaintiffs seek information concerning how the government analyzes, reviews, verifies, discloses, and shares information obtained through § 6050I reports. (*Id.* at 11.) Defendants objected to producing this information, asserting that the Sixth Circuit's opinion prohibits such discovery for multiple reasons. (R. 68 at 5–18.)

The Magistrate Judge granted in part Plaintiffs' Motion to Compel.[3] (R. 67.) In short, the Magistrate Judge found Defendants' procedural objections unpersuasive and concluded that the majority of Plaintiffs' requests were relevant and proportional to the needs of the case. (*Id.* at 18.) Defendants timely filed the present Objection, reiterating the arguments

---

2 The Sixth Circuit also found that Plaintiffs' Enumerated Powers claims could proceed. However, the Enumerated Powers claims is not relevant to the present dispute.

3 Of the nine interrogatories, three requests for production, and seventeen requests for admissions, the Magistrate Judge denied Plaintiffs' motion as to one interrogatory and one request for production. (R. 67 at 18.) The remaining requests were granted. Because Defendants maintain that all the requests should have been denied, listing each one individually is unnecessary.

raised in their Response to Plaintiffs' motion. (R. 63.) The Magistrate Judge's Order (R. 67) and the parties' positions are discussed in greater detail below.

## II. STANDARD OF REVIEW

When considering an objection to a nondispositive order of a magistrate judge, a district judge follows the standard in 28 U.S.C. § 636(b)(1)(A) and Rule 72(a). *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Id.* at 219 (citation omitted). For mixed questions of law and fact, § 636(b)(1)(A) "invoke[s] a sliding scale of review" in which "clear error" and "contrary to law" represent the outer bounds. *Id.* at 221 (citation omitted). "The more fact-intensive the question, the more deferential the level of review. The more law intensive the question, the less deferential the review." *Id.* Abuse of discretion falls squarely within the sliding scale of review. *Id.* An abuse of discretion is defined as a "definite and firm conviction that the [court below] committed a clear error of judgment." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.,* 181 F.3d 759, 770 (6th Cir.1999).

The Defendants object to the Magistrate Judge's (1) interpretation of *Carman,* 112 F.4th 386; (2) refusal to judicially estop Plaintiffs; and (3) the finding that the discovery requests were relevant to the ripe theories that remain. (R. 68 at 5.) Accordingly, this Court reviews a Magistrate Judge's interpretation of law *de novo. Bisig*, 940 F.3d at 219. Similarly, the Court reviews the applicability of judicial estoppel *de novo. Lorillard Tobacco Co. v. Chester, Willcox & Saxbe,* 546 F.3d 752, 757 (6th Cir. 2008). The Court reviews the Magistrate Judge's relevance determinations for abuse of discretion. *Bisig,* 940 F.3d at 221.

## III. ANALYSIS

Defendants ask the Court to overrule the Magistrate Judge's Order on three grounds. First, Defendants contend that the Order exceeds the scope of the Sixth Circuit's mandate. (R. 68 at 5.) Second, they argue that it allows Plaintiffs to contradict representations

previously made to the Sixth Circuit, in which Plaintiffs expressly disclaimed any need for the type of information sought in the disputed discovery requests. (*Id.* at 10.) Third, Defendants maintain that the discovery requests are irrelevant to the claims the Sixth Circuit deemed ripe and therefore should not be permitted. (*Id.* at 13.) The Court addresses each argument in turn.

### A. The Magistrate Judge Did Not Commit Legal Error by Compelling the Defendants' Responses.

Defendants argue that the Magistrate Judge committed legal error by ruling that the Sixth Circuit opinion did not foreclose discovery on the IRS' "use" or "sharing" of information on § 6050I reports. (R. 68 at 6.) To this point, Defendants cite the law of the case doctrine and the mandate rule. (*Id.* at 5.) Defendants believe that the Sixth Circuit's ruling limited Plaintiffs' theories on remand to include only theories premised on "the mere disclosure of the transaction: and not the government's "use" of the information it would obtain. (R. 68 at 8.) Accordingly, Defendants' believe that *any* discovery relating to the as-applied theories that were foreclosed by the Sixth Circuit should not be allowed. (*Id.* at 5)

Under the law of the case doctrine, "findings made at one point in the litigation become law of the case for subsequent stages of the same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). Upon remand of a case for further proceedings after a decision by the appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal by implementing both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces. *Id.* (citation omitted.)

The law of the case doctrine "generally preclude[s] a lower court from reconsidering an issue expressly or impliedly decided by a superior court." *Id.*   Furthermore, this doctrine

"only applies to issues the court actually decided." *John B. v. Emkes*, 710 F.3d 394, 403 (6th Cir. 2013).

In this case, the Sixth Circuit expressly held that Plaintiffs' facial First and Fourth Amendment claims are ripe and that Plaintiffs have standing to pursue them. *Carman v. Yellen*, 112 F.4th 386, 406–407 (6th Cir. 2024). However, the Sixth Circuit did not address, much less resolve, any issues relating to the proper scope of discovery. To the contrary, the Sixth Circuit explicitly stated that, "at this stage, we take no position on whether § 6050I reports in fact implicate the First Amendment or address concerns about means-ends tailoring if it does." *Id.* Because the court of appeals confined its decision to standing and ripeness, the law-of-the-case doctrine does not control the present discovery dispute.

Additionally, this decision does not obscure or depart from either the letter or the spirit of the Sixth Circuit's remand. Although the Sixth Circuit foreclosed Plaintiffs' as-applied theories, that holding does not render irrelevant discovery into the government's use and sharing of § 6050I reports as to the remaining facial claims. Nothing in *Carman* implicitly or explicitly precludes such discovery. Defendants' reading of the opinion improperly extends the Sixth Circuit's analysis of ripeness and standing to discovery issues that the court of appeals did not consider. Because that question was not actually decided on appeal, the law-of-the-case doctrine does not bar the discovery at issue.

### B. Judicial Estoppel Does Not Preclude Discovery

Defendants argue that judicial estoppel bars discovery because the Sixth Circuit relied on the Plaintiffs' representations that they required no further facts to proceed with their claims. (R. 68 at 10.) Defendants argue that judicial estoppel bars Plaintiffs from seeking discovery about how the government uses the information because Plaintiffs prevailed on appeal based on a theory that did not depend on the government's use of that information. (*Id.*)

7

The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002). Judicial estoppel is intended "to protect the integrity of the judiciary by preventing a party from convincing two different courts of contradictory positions, which would mean that one of those two courts was deceived." *Audio Technica U.S., Inc. v. United States*, 963 F.3d 569, 574 (6th Cir. 2020). Judicial estoppel should be "applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement." *Teledyne Indus., Inc. v. NLRB,* 911 F.2d 1214, 1218 (6th Cir. 1990).

The circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle. *Shufeldt v. Baker, Donelson, Bearman, Caldwell & Berkowitz, Prof'l Corp.*, 855 F. App'x 239, 243 (6th Cir. 2021). However, the Supreme Court has provided the following factors for courts to consider when applying the doctrine: (1) whether "a party's later position [is] clearly inconsistent with its earlier position;" (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).

Judicial estoppel is not a bar here. First, Plaintiffs advanced both facial and as-applied theories in the Sixth Circuit.(R. 68 at 3.) Their decision to pursue both facial and as-applied challenges does not render their positions clearly inconsistent; it simply reflects different

legal theories directed at the same statute. Their as-applied claims have since been dismissed and are no longer part of this case. (See R. 38.) Plaintiffs are not attempting to revive those claims or to relitigate the theories the Sixth Circuit rejected. Rather, they seek discovery in support of the facial claims that the Sixth Circuit held to be ripe.

Second, the government is not unfairly prejudiced by allowing this discovery to proceed. The Magistrate Judge has already determined that the surviving discovery requests are relevant and proportional to the needs of the case. (R. 67 at 18.) Although only the facial challenges remain, it is reasonable for Defendants to anticipate discovery into how the government obtains, uses, and shares information collected under § 6050I, because such facts may bear on whether the statute's reporting requirements are sufficiently tailored to any asserted governmental interests under the applicable First and Fourth Amendment frameworks. *See Carman v. Yellen*, 112 F.4th 386, 406–07 (6th Cir. 2024). Requiring Defendants to produce information that is relevant to the constitutional analysis of the remaining facial claims does not create the type of unfair advantage or detriment that judicial estoppel is designed to prevent.

Third, Plaintiffs' current position is not a backtracking from a representation that induced the Sixth Circuit's ruling. The court of appeals addressed standing and ripeness, particularly distinguishing between speculative, downstream misuse theories and facial challenges focused on the initial compelled disclosure. The *Carman* decision did not purport to restrict the scope of discovery in the district court or to foreclose inquiry into how the statute operates in practice. *See id*. at 405–07. Plaintiffs' pursuit of discovery into the government's use and dissemination of § 6050I information is consistent with their facial claims and with the Sixth Circuit's recognition that those claims present pure legal questions appropriate for adjudication.

Because Plaintiffs' positions are not clearly inconsistent, the earlier appellate decision did not rest on any supposed waiver of discovery, and allowing discovery will not result in unfair prejudice or confer an improper advantage, the elements of judicial estoppel are not met. Judicial estoppel therefore does not bar Plaintiffs' discovery requests.

### C. The Surviving Discovery Requests are Relevant

Defendants argue that the discovery request is irrelevant to the remaining claims. (R. 68 at 14, 18.) Defendants believe that the discovery request is irrelevant because the relevant remaining clams in this case are "premised solely on the disclosures that must actually be made based on the statute, not what law enforcement intends to do with the information." (R. 68 at 13.)

Determining the scope of discovery is within a district court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). In particular, discovery is more liberal than the trial setting, as Rule 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Id*. The Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The Magistrate Judge did not abuse his discretion in finding the bulk of Plaintiffs' discovery requests relevant. While information related to how the government uses and shares the § 6050I report information is certainly more closely related to Plaintiffs' as-applied claims that were dismissed, the Defendants underestimate the potential helpfulness of the information to the remaining claims. Contrary to the Defendants' position, the information

Plaintiffs seek is reasonably calculated to uncover evidence surrounding their ripe First and Fourth amendment claims.

The Sixth Circuit explicitly stated that, "at this stage, we take no position on whether § 6050I reports in fact implicate the First Amendment or address concerns about means-ends tailoring if it does." *Carman v. Yellen*, 112 F.4th 386, 406–407 (6th Cir. 2024). It is for determining the extent to which § 6050I complies with the First Amendment that the Plaintiffs' discovery request is relevant. Although dealing with a facial attack, evidence regarding how the government uses and shares the §6050I report information is helpful for determining whether § 6050I is narrowly tailored.

Evidence concerning how the government uses, or is able to use, § 6050I information is relevant to the remaining claims. Such discovery may yield facts supporting Plaintiffs' contention that the statute intrudes upon their First and Fourth Amendment rights. In particular, these materials may illuminate how the government designed and tailored § 6050I's reporting requirements in relation to its asserted interests. That is so even though Plaintiffs now proceed only on facial challenges.

Again, it is important to note that just because the discovery requests seem more relevant to the claims dismissed does not mean that they are irrelevant to the remaining claims. As it is well known, Rule 26(b) has been generously construed to provide a great deal of latitude for discovery. *Harris v. Nelson,* 394 U.S. 286, 297 (1969) (internal citations omitted). If the Court were to sustain the Defendants' objection, it would be taking a harsh line on what is discoverable. Such a ruling runs contrary to the intent of Rule 26.

Discoverability and admissibility are distinct concepts. Under Fed. R. Civ. P. 26(b)(1), information need not be admissible at trial to be discoverable. The fact that Plaintiffs may obtain information from the government in discovery does not mean that all such information will be presented or used against the government at trial. This distinction substantially

alleviates the Defendants' concern that Plaintiffs will use the requested information for any purpose other than litigating their ripe claims.

This Order has a carefully limited effect. It does not revive Plaintiffs' as-applied claims or provide a vehicle to relitigate issues the Sixth Circuit has already resolved. Any attempt by Plaintiffs to present argument or evidence in support of claims that have been dismissed will be unavailing. Rather, this Order simply grants Plaintiffs' motion to compel discovery. Under Fed. R. Civ. P. 26(b) and the supporting caselaw, Plaintiffs are entitled to obtain a large variety of information that is relevant to their remaining claims, and this Order does no more than apply that standard. Because the Magistrate Judge correctly determined that the challenged discovery requests are potentially relevant to Plaintiffs' surviving facial claims, Defendants' Objection (R. 68) is overruled.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1) the Defendants' Objection (R. 68) is OVERRULED;

2) the stay imposed by the Magistrate Judge's Order (R. 72) is LIFTED; and

3) the Defendants SHALL supplement their responses to the discovery requests within thirty (30) days of the entry of this Order.

This 21st day of January, 2026.



**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**